[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13432
Non-Argument Calendar

_____

D. C. Docket No. 05-00356-CR-T-23-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBON JONES,
a.k.a. Dread,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 24, 2009)

Before EDMONDSON, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Albon Jones appeals the district court's refusal to grant more than a two-level base offense level reduction of his sentence sought by Jones pursuant to his 18 U.S.C. § 3582(c)(2) motion. No reversible error has been shown; we affirm.

Jones pleaded guilty pursuant to a plea agreement to a crack cocaine offense and was sentenced originally to a term of 100 months' imprisonment.[1] That sentence reflected a downward departure from Jones's guideline range based on a U.S.S.G. § 5K1.1 substantial assistance motion filed by the government. In March 2008, Jones filed a motion pursuant to section 3582(c)(2) for retroactive application of Amendment 706 to the sentencing guidelines.[2] The district court determined that Amendment 706 was applicable to Jones, reduced Jones's offense level by two levels, and imposed a new revised total sentence of 84 months (again reflecting a comparable downward departure to the guideline range to reflect

---

[1]The government's argument that the appeal waiver in Jones's plea agreement bars this appeal is without merit. Neither the language of the plea agreement nor the Rule 11 colloquy attending the district court's acceptance of Jones's guilty plea contemplated a waiver of rights in the event of a retroactive guidelines amendment; the record fails to support a knowing waiver of the right to appeal a ruling in a section 3582(c)(2) proceeding. See United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008).

[2]Amendment 706 revised U.S.S.G. § 2D1.1 by reducing by two levels the offense levels applicable to crack cocaine offenses. Subject to technical changes effected by Amendment 711, Amendment 706 was made retroactive as of 3 March 2008 by Amendment 713.

2

Jones's substantial assistance). Jones does not dispute that his revised guideline range after application of the two-level adjustment and credit for substantial assistance was 84 to 105 months. Jones argued before the district court -- and argues on appeal -- that a further reduction below the guideline range is supported by application of the sentencing factors set out in 18 U.S.C. § 3553(a). Jones maintains that post-Booker, United States v. Booker, 125 S.Ct. 738 (2005), the guidelines are advisory in the context of a section 3582 resentencing: the district court has authority to depart from the guidelines when imposing a new sentence under section 3582.

We review de novo the district court's legal conclusions about the scope of its authority under section 3582, United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, 129 S.Ct. 1601 (2009), if section 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed for abuse of discretion. United States v. James, 548 F.3d 983, 984 n.1 (11th Cir. 2008)

If a district court is authorized to reduce a sentence pursuant to section 3582(c)(2), it may do so "after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

3

A sentencing adjustment under section 3582(c)(2) allows no full de novo resentencing. See U.S.S.G. § 1B1.10(a)(3) ("proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant"). All original sentencing determinations are to remain unchanged with only the  amended guideline range substituted for the unamended guideline range used at sentencing. See U.S.S.G. § 1B1.10, comment. n.2; United States v. Vautier, 144 F.3d 756, 760 n. 4 (11th Cir. 1998). The 84-month sentence imposed represents the minimum sentence the district court had authority to impose consistent with section 3582(c)(2) and applicable policy statements of the Sentencing Commission.

Jones argues nonetheless that Booker trumps application of the policy statements: once a guidelines amendment is made retroactive, the Sentencing Commission has no power to cabin the district court's jurisdiction and discretion on the application of that guideline.   Our decision in United States v. Melvin, 556 F.3d 1190 (11th Cir.  2009), cert. denied (U.S. May 18, 2009) (No. 08-8664), precludes Jones's claim of Booker error. In Melvin, we concluded that Booker and its progeny have no application to section 3582(c)(2) resentencing proceedings. Under Melvin, a district court is bound by the limitations on its discretion imposed by section 3582(c)(2) and the applicable Sentencing Commission policy

4

statements.  Resentencing under section 3582(c)(2) allows a district court no discretion to impose a non-guidelines sentence.

AFFIRMED.